Carothers v. Van Hagan.

*John P. Cook*, for plaintiffs in error.

*S. A. Bissell*, for defendant.

———•❍•———

CAROTHERS *et al. v.* VAN HAGAN *et al.*

In an action of replevin against two or more, it is error to instruct the jury, that "if either of the defendants was not guilty they must find for both; that one alone could not be found guilty."

*Error to Muscatine District Court.*

*Opinion by* GREENE, J.    Replevin by Carothers against J. P. and J. B. Van Hagan.    Verdict before a justice for the defendants, and an appeal taken by plaintiffs to the district court where the jury found one of the defendants not guilty; and thereupon both were discharged upon the instruction of the judge, that if either of the defendants was not guilty, they must find for both of them; that one alone could not be found guilty unless both were, as charged in the affidavit, even if 'the property did not in fact belong to the plaintiff.    With much propriety, the plaintiff contends, that this instruction was erroneous.    No such principle is recognized by our statute; and as a general rule of law, in all actions for wrongs, any of the wrong doers may be jointly or severally proceeded against, and the misjoinder of an innocent person by mistake will not defeat the action, as it might in a suit on contract.    Where several are sued for a tort one or more may be convicted and held in damages, although a part of them be acquitted.    1 Chit. Pl. 98, 99; 1 Sand. 291 d (mx); 6 T. R. 766; Gould Pl. 209, § 75; 1 Cowens Trs. 560, § 4; 1 Salk. 32.

60

As replevin is founded in tort, a failure to sustain the action against one, will not justify a discharge of the other defendant.

As this point disposes of the case, it is not necessary to consider the other errors assigned.

Judgment reversed.

*S. Whicher*, for plaintiffs in error.

*Hempstead & Burt*, for defendants.